IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIK GARCIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. |
| RAZA, INC. and | ) | |
| LUELLA RETAIL, L.L.C., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, ERIK GARCIA, by and through the undersigned counsel, and files this, his Complaint against Defendants, RAZA, INC. and LUELLA RETAIL, L.L.C., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff ERIK GARCIA (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Houston, Texas (Harris County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking and standing.

1

5.	Plaintiff uses a wheelchair for mobility purposes.

6.	Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of enforcing Plaintiff's civil rights, monitoring, determining and ensuring whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others; and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this property, including returning to the Property as soon as it is accessible ("Advocacy Purposes").

7.	Defendant, RAZA, INC. (hereinafter "RAZA, INC."), is a Texas company that transacts business in the State of Texas and within this judicial district.

8.	Defendant, RAZA, INC., may be properly served with process via its registered agent for service, to wit:   c/o Zahid Raza, Registered Agent, 1101 S. Broadway, La Porte, TX 77571.

9.	Defendant, LUELLA RETAIL, L.L.C. (hereinafter "LUELLA RETAIL, L.L.C."), is a Texas limited liability company that transacts business in the State of Texas and within this judicial district.

10.	Defendant, LUELLA RETAIL, L.L.C., may be properly served with process via its registered agent for service, to wit:   c/o John Allison, Registered Agent, 1308 Merriewood Drive, Friendswood, TX  77546.

2

## FACTUAL ALLEGATIONS

11.     On or about December 26, 2019, Plaintiff was a customer at "Jake Food Mart" a business located at 5034 Luella Avenue, Deer Park, TX  77536, referenced herein as "Jake Food Mart".   *See* Receipt of purchase by Plaintiff attached as Exhibit 1.  See also, photograph of Plaintiff at Jake Food Mart attached as Exhibit 2.

12.     Jake Food Mart is operated by Defendant, RAZA, INC.

13.     Defendant, RAZA, INC., is the lessee or sub-lessee of the real property and improvements that are the subject of this action and operates Jake Food Mart.

14.     LUELLA RETAIL, L.L.C. is the owner or co-owner of the real property and improvements that Jake Food Mart is situated upon and that is the subject of this action, referenced herein as the "Property."

15.     Plaintiff lives 10 miles from Jake Food Mart and the Property.

16.     Plaintiff's access to the business(es) located at 5034 Luella Avenue, Deer Park, TX   77536, Harris County Property Appraiser's account number 0980220000012 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant, RAZA, INC. and LUELLA RETAIL, L.L.C., are compelled to remove the physical barriers to access and correct the ADA violations that exist at Jake Food Mart and the Property, including those set forth in this Complaint.

17.     Plaintiff has visited Jake Food Mart and the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting Jake Food Mart and the Property within six months after the barriers to access detailed in this Complaint are removed

3

and Jake Food Mart and the Property is accessible again.  The purpose of the revisit is to be a return customer, to determine if and when Jake Food Mart and the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

18.     Plaintiff intends on revisiting Jake Food Mart and the Property to purchase goods and/or services as a return customer living in the near vicinity as well as for Advocacy Purposes, but does not intend to re-expose himself to the ongoing barriers to access and engage in a futile gesture of visiting the public accommodation known to Plaintiff to have numerous and continuing barriers to access.

19.     Plaintiff travelled to Jake Food Mart and the Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at Jake Food Mart and the Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Jake Food Mart and the Property.

**COUNT I**
**VIOLATIONS OF THE ADA AND ADAAG**

20.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

21.     Congress found, among other things, that:

(i)      some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)     historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)    discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education,

4

transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

22.     Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

* * * * *

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

23.      The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

24.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

25.     Jake Food Mart is a public accommodations and service establishment.

26.     The Property is a public accommodation and service establishment.

27.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

28.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

29.     Jake Food Mart must be, but is not, in compliance with the ADA and ADAAG.

30.     The Property must be, but is not, in compliance with the ADA and ADAAG.

31.      Plaintiff has attempted to, and has to the extent possible, accessed Jake Food Mart and the Property in his capacity as a customer of Jake Food Mart and the Property as well as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at Jake Food Mart and the Property that preclude and/or limit his access to Jake Food Mart and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32.     Plaintiff intends to visit Jake Food Mart and the Property again in the very near future as a customer and as an independent advocate for the disabled, in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at Jake Food Mart and the Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at Jake Food

6

Mart and the Property that preclude and/or limit his access to Jake Food Mart and the Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

33.     Defendants, RAZA, INC. and LUELLA RETAIL, L.L.C., have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of Jake Food Mart and the Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

34.     Defendants, RAZA, INC. and LUELLA RETAIL, L.L.C., will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants, RAZA, INC. and LUELLA RETAIL, L.L.C., are compelled to remove all physical barriers that exist at Jake Food Mart and the Property, including those specifically set forth herein, and make Jake Food Mart and the Property accessible to and usable by Plaintiff and other persons with disabilities.

35.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed, or was made aware of prior to the filing of this Complaint, that precluded and/or limited Plaintiff's access to Jake Food Mart and the Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Jake Food Mart and the Property include, but are not limited to:

**ACCESSIBLE ELEMENTS:**

(i)     There are changes in level at Property exceeding ½ (one-half) inch that are not properly ramped in violation of Section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 2 (two) inch vertical rise at the entrance to all of the units of the Property, thus rendering the interior of the Property inaccessible. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(ii)    The maneuvering clearance of the accessible entrances for all the units of the Property are not level in violation of Section 404.2.4.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(iii)   Due to the accessible barrier present at the accessible entrances, the accessible entrances of the Property lack at least one accessible route provided within the site to the public streets and sidewalks in violation of Section 206.2.1 of the 2010 ADAAG standards.

(iv)    The Property lacks signage identified by the International Symbol of Accessibility that indicates the location of the nearest entrance complying with Section 404 of the 2010 ADAAG standards, if such an entrance exists.  This policy decision by Defendant(s) violates Section 216.6 of the 2010 ADAAG Standards.  This violation made it difficult for Plaintiff to find an accessible entrance.

(v)     The Property lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards.

(vi)     There is not at least one accessible entrance to each tenant space in the building that complies with Section 404 of the 2010 ADAAG standards which is a violation of Section 206.4.5 of the 2010 ADAAG Standards.

(vii)    At every unit of the Property, there is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of Section 404.2.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the interior of the Property.

(viii)   Due to a policy by Big Mikes of placing motorcycles in the accessible route, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(ix)     Due to a policy by Lynn's AC of placing air conditioning units in the accessible route, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36 (thirty-six) inch requirement as required by Section 403.5.1 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(ix)     The Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of Section 206.2.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access public features of the Property.

9

(x)    The total number of accessible parking spaces is inadequate and is in violation of Section 208.2 of the 2010 ADAAG standards. There are 81 total parking spaces requiring four accessible parking spaces, but there are only three marked accessible parking spaces on the Property.  This violation made it difficult for Plaintiff to locate an accessible parking space.

(xi)   Near Unit 4902, the accessible parking space has excessive vertical rises, is not level and therefore in violation of Sections 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xii)  Near Unit 4902, the access aisle has excessive vertical rise and is in violation of Sections 303.2 and 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xiii) Near Unit 4902, the ground surfaces of the accessible ramp have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Sections 302, 303 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xiv)  Near Unit 4902, the Property has an accessible ramp that lacks finished edges or edge protection and/or is otherwise in violation of Section 405.9 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xv)     Near Unit 4902, the accessible parking spaces are missing a proper identification sign in violation of Section 502.6 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xvi)    Near Unit 4902, the accessible parking spaces have a ramp in the access aisle in violation of section 502.4 of the 2010 ADAAG Standards.  When using a lift from a van, this violation can cause the landing surface of the lift to be unlevel and also damage the lift.

(xvii)   Near Unit 4902,, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xviii) Near Unit 4902, the access aisle has a width which decreases to less than 60 inches in violation of section 502.3 of the 2010 ADAAG Standards.   This violation can make it difficult for Plaintiff to exit his vehicle.

(xix)    The Property lacks an accessible route from the sidewalk to the accessible entrance in violation of Section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xx)     Inside Jake Food Mart, the interior has walking surfaces leading to the restroom lacking a 36 (thirty-six) inch clear width, due to a policy of placing items in the accessible route, in violation of Section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

12

(xxi)    Inside Jake Food Mart, the door to the restroom area lacks proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(xxii)   Near Jake Food Mart, the ground surfaces of the accessible ramp have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant, have broken or unstable surfaces or otherwise fail to comply with Sections 302, 303 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xxiii)  Near Jake Food Mart, there is an excessive vertical rise at the base of the accessible ramp in violation of Sections 303.2 and 405.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

(xxiv)   Near Jake Food Mart, the Property has an accessible ramp that lacks finished edges or edge protection and/or is otherwise in violation of Section 405.9 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xxv)    Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route causing the exterior access route to routinely have clear widths below the minimum thirty-six (36") inch requirement specified by Section 403.5.1 of the 2010 ADAAG Standards. This

violation made it dangerous and difficult for Plaintiff to access exterior public features of the Property.

(xxvi)    Due to a policy of not having parking stops for the parking spaces directly in front of the exterior access route, cars routinely pull up all the way to the curb and the "nose" of the vehicle extends into the access route as a result, in violation of Section 502.7 of the 2010 ADAAG Standards, parking spaces are not properly designed so that parked cars and vans cannot obstruct the required clear width of adjacent accessible routes.

(xxvii)   Near Jake Food Mart, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of Section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xxviii)  Near Jake Food Mart, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of Section 406.5 of the 2010 ADAAG Standards.  This violation made it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xxix)    Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**JAKE FOOD MART RESTROOMS**

(i)       The door to the restrooms has a maximum clear width below 32 (thirty-two) inches in violation of Section 404.2.3 of the 2010 ADAAG standards. This made

it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ii)    The restroom lacks signage in compliance with Sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(iii)   The restrooms lack proper door hardware in violation of Section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iv)    The accessible toilet stall door swings into the clear floor space required by the stall and violates Section 604.8.1.2 of the 2010 ADAAG standards. This made it difficult for the Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v)     The accessible toilet stall lacks the required size and turning clearance as required in Section 604.8.1.1 of the 2010 ADAAG standards.  This violation made it difficult for Plaintiff and/or any disabled individual to utilize the restroom.

(vi)    The grab bars/handrails adjacent to the commode are missing and violates Section 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vii)   The toilet paper dispenser in the accessible toilet is not positioned properly and violates Section 604.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(viii)    The controls on the faucets require pinching and turning of the wrists in violation of Section 309.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(ix)    Restrooms have a sink with inadequate knee and toe clearance in violation of Section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

36.    The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at Jake Food Mart and the Property.

37.    Plaintiff requires an inspection of Jake Food Mart and the Property in order to determine all of the discriminatory conditions present at Jake Food Mart and the Property in violation of the ADA.

38.    The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

39.    All of the violations alleged herein are readily achievable to modify to Jake Food Mart and the Property into compliance with the ADA.

40.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Jake Food Mart and the Property is readily achievable because the nature and cost of the modifications are relatively low.

41.    Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at Jake Food Mart and the Property is readily achievable because Defendants, RAZA, INC. and LUELLA RETAIL, L.L.C., have the financial resources to make

the necessary modifications as the market value of the Property is listed on the Property Appraiser website at $647,718.00.

42.     Upon information and good faith belief, Jake Food Mart and the Property have been altered since 2010.

43.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

44.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants, RAZA, INC. and LUELLA RETAIL, L.L.C., are required to remove the physical barriers, dangerous conditions and ADA violations that exist at Jake Food Mart and the Property, including those alleged herein.

45.     Plaintiff's requested relief serves the public interest.

46.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants, RAZA, INC. and LUELLA RETAIL, L.L.C.

47.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants, RAZA, INC. and LUELLA RETAIL, L.L.C., pursuant to 42 U.S.C. §§ 12188 and 12205.

48.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants, RAZA, INC. and LUELLA RETAIL, L.L.C., to modify Jake Food Mart and the Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Defendant, RAZA, INC., in violation of the ADA and

        ADAAG;

(b)     That the Court find Defendant, LUELLA RETAIL, L.L.C., in violation of the

        ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants, RAZA, INC.

        and LUELLA RETAIL, L.L.C., from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants, RAZA, INC. and LUELLA

        RETAIL, L.L.C., to (i) remove the physical barriers to access and (ii) alter the

        subject Jake Food Mart and the Property to make it readily accessible to and

        useable by individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses

        and costs; and

(f)     That the Court grant such further relief as deemed just and equitable in light of the

        circumstances.

                                    Dated: February 17, 2020.

                                    Respectfully submitted,

                                    /s/ Douglas S. Schapiro
                                    Douglas S. Schapiro, Esq.
                                    *Attorney-in-Charge for Plaintiff*
                                    Southern District of Texas ID No. 3182479
                                    The Schapiro Law Group, P.L
                                    7301-A W. Palmetto Park Rd., #100A
                                    Boca Raton, FL 33433
                                    Tel: (561) 807-7388
                                    Email: schapiro@schapirolawgroup.com